UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOSES SUNDHE,

                              Petitioner,

                                              9:11-CV-0319
                    v.                        (DNH)

B. YELICH,

                              Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

MOSES SUNDHE
Petitioner, pro se
97-A-3006
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN              THOMAS B. LITSKY, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

### I.    BACKGROUND

#### A.    State Court Proceedings

     The state court records reflect that on October 3, 2002, petitioner pro se Moses

Sundhe pleaded guilty in Clinton County Court to one count of attempted promoting

prison contraband in the first degree, contrary to New York Penal Law ("Penal Law")

sections 205.25 and 110.00.  See Decision and Order of Hon. Patrick R. McGill, 5/11/10,

Dkt. No. 9-9, ("May, 2010 Order") at 1.  That plea was in full satisfaction of a three count indictment that had been returned against petitioner charging him with promoting prison contraband in the first degree, in violation of Penal Law section 205.25; criminal possession of a controlled substance in the seventh degree, contrary to Penal Law section 220.03; and unlawful possession of marijuana, in violation of Penal Law section 221.05.  May, 2010 Order at 1-2.  Following that guilty plea, petitioner was sentenced by the county court, as a second felony offender, to an indeterminate term of between one and one-half to three years imprisonment.  Id. at 2.

Petitioner never filed any direct appeal of that conviction.[1]  See Dkt. No. 1 ("Pet.") ¶ 8.  Moreover, nothing in the record suggests that petitioner ever applied to the New York State, Supreme Court, Appellate Division, Third Department, for an extension of time in which to file his appeal.[2]

On June 13, 2009, petitioner filed a motion to vacate that judgment of conviction pursuant to CPL section 440.10.  See Dkt. No. 9-2 ("Initial CPL Motion").  That application was opposed by the District Attorney, see Dkt. No. 9-1, and on July 13, 2009, Judge McGill issued a Decision and Order denying that application.  Dkt. No. 9-4 ("July, 2009 Order").  Petitioner sought leave to appeal that decision from the New York State,

---

[1] Under the terms of his plea agreement, petitioner waived his right to file an appeal.  See Dkt. No. 11 at Ex. C (letter from Clinton County District Attorney ("District Attorney") describing terms of plea offer which included, inter alia, a waiver of appeal).

[2] New York provides a mechanism for individuals to file a late criminal appeal.  Specifically, New York's Criminal Procedure Law ("CPL") section 460.30(1) provides, in pertinent part, that where a defendant's failure to timely file an appeal "resulted from . . . improper conduct, death or disability of the defendant's attorney . . . and through no lack of due diligence or fault of the . . . defendant," the defendant can request permission from the Appellate Division for an extension of time for taking an appeal.  Id.  That mechanism itself imposes a time limit of one-year "after the time for the taking of such appeal has expired." Id.; see also People v. Corso, 40 N.Y.2d 578, 580-81 (1976); Restrepo v. Kelly, 178 F.3d 634, 636 (2d Cir. 1999).

Supreme Court, Appellate Division, Third Department, see Dkt. No. 9-5, however on

August 28, 2009, the Third Department denied that request.  See Dkt. No. 9-6.

On April 26, 2010, petitioner filed another CPL motion with the Clinton County

Court.  See Dkt. No. 9-7 ("Second CPL Motion").  The District Attorney opposed the

request, see Dkt. No. 9-8, and that application was denied by Judge McGill in the May,

2010 Order referenced above.  Petitioner sought leave to appeal that decision, see Dkt.

No. 9-10, however that request was denied by the Appellate Division on July 28, 2010

Dkt. No. 9-11.

### B.    Proceedings in this Court

Petitioner filed his petition challenging the above conviction on March 17, 2011.[3]

In that pleading, petitioner argues that he is entitled to federal habeas intervention

because his attorney rendered ineffective assistance by:  (1) allowing petitioner to accept

the plea offer made by the District Attorney without advising petitioner "as to the wisdom

of so doing"; (2) permitting petitioner to plead guilty "without an investigation"; and (3)

never filing any appeal on petitioner's behalf.  Pet., Grounds One, Two.[4]  On August 8,

2011, the Office of the Attorney General for the State of New York, acting on

respondent's behalf, filed a response in opposition to the petition.  Dkt. No. 7.

Respondent's counsel also filed a memorandum of law in opposition to that pleading, see

---

[3]  Petitioner signed his petition on March 17, 2011.  See Pet. at 15.  His pleading is therefore deemed filed as of that date under the "prison mailbox rule."  See Green v. Green, No. 10-CV-0990, 2010 WL 547180, at *1 n.2 (N.D.N.Y. Feb. 9, 2010) (Suddaby, J.) (noting that petitioner's pleading is deemed filed at the time he hands pleading to the prison authorities for transmittal to the court).

[4]  Petitioner's second ground for relief argues that his attorney wrongfully failed to perform any investigation in the related criminal matter, and also that such counsel wrongfully failed to file an appeal on behalf of the petitioner.  Pet., Ground Two.

Dkt. No. 8 ("Resp. Mem."), together with various state court records relating to petitioner's conviction.  Dkt. No. 9.

On September 6, 2011, petitioner filed a Traverse in further support of his request for federal habeas intervention.  See Dkt. No. 11 ("Traverse").

This matter is now ready for disposition.

II.    **DISCUSSION**

A.    **Governing Statute of Limitations**

Congress' enactment in 1996 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant changes to the prisoner litigation landscape.  One of those changes was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996.  See 28 U.S.C. § 2244(d).  The law now provides, among other things, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > * * *
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> > * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Where the petitioner fails to file any appeal of his conviction, a judgment of conviction becomes final for purposes of the AEDPA upon the expiration of the thirty day time period during which the petitioner could have filed his direct appeal following his sentencing.  See CPL § 460.10(1)(a) (discussing thirty day time limit for filing a criminal appeal); see also Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002); Swift v. Smith, No. 08-CV-6541, 2010 WL 4721607, at *2 (W.D.N.Y. Nov. 22, 2010); Morton v. Ercole, No. 08 Civ. 0252, 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010).

The governing limitations period will now be considered in conjunction with the relevant state court matters involving petitioner and the criminal matter challenged herein.

> **B.    Applicability of AEDPA's Limitations Period to this Case**

Petitioner was sentenced by the trial court on the conviction challenged herein on October 3, 2002.  Pet. ¶ 2(b).  Such conviction therefore became final on the first business day after the expiration of thirty days from October 3, 2002, or on Monday, November 4, 2002.  See CPL § 460.10(1)(a); County Law § 902(2) ("Whenever the last day on which any paper shall be filed . . . expires on Saturday, Sunday, [or a] public holiday . . . the time therefor is hereby extended to and including the next business day such office is open for the transaction of business.").  Respondent therefore claims that petitioner had one year from that date—or until November 4, 2003—to timely file his habeas petition.  Resp. Mem. at 8.

However, the AEDPA's limitations period does not begin running until "the date on

which the factual predicate of the claim . . . could have been discovered through the

exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  In construing the analogous

statute of limitations created by the AEDPA for federal prisoners—28 U.S.C. § 2255(f)—

the Second Circuit has held that the "factual predicate" provision "mov[es] . . . the time

when the conviction became final . . . to the later date on which the particular claim

accrued."  Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000); see also Rivas v.

Fischer, No.  9:01-CV-1891, 2010 WL 1257938, at *10 (N.D.N.Y. Jan. 8, 2010) (Peebles,

M.J.).  The Wims Court specifically noted that where, as here, a petitioner has claimed

that his attorney's failure to file an appeal constituted ineffective assistance of counsel:

> The proper task in a case such as this one is to determine
> when a duly diligent person in petitioner's circumstances
> would have discovered that no appeal had been filed.  After
> that date, petitioner was entitled to further delay (whether in
> actually making the discovery, or in acting on a previously
> made discovery, or for any other reason whatsoever), so long
> as he filed his petition within one-year of the date in which the
> discovery would have been made in the exercise of due
> diligence.  Wims, 225 F.3d at 188 (footnotes omitted)
> (emphasis added); see also Raynor v. Dufrain, 28 F. Supp. 2d
> 896, 899 (S.D.N.Y. 1998) (holding that where the "petitioner
> alleges that his attorney, unbeknownst to him, failed to file an
> appeal of his conviction in state court, the one-year period
> arguably did not begin to run until petitioner discovered this
> omission by his attorney.").

Wims, 225 F.3d at 190 (footnotes omitted).  The date on which the limitations period

begins to run depends on the facts presented by the case.  Id. at 190-91.

Considering the foregoing in conjunction with the facts and circumstances of this

case, a duly diligent individual would plainly have discovered that no appeal had been

filed on petitioner's behalf no later than five years after his judgment of conviction

became final.  See, e.g., Perez v. United States, Nos. 01 CR 0848, 09 CV 8221, 2011

6

WL 2471274, at *2 (S.D.N.Y. June 18, 2011) ("[W]aiting more than three years to discover the status of an appeal does not constitute due diligence."); Morton, 2010 WL 890036, at *2 ("Courts generally have found that periods of delay lasting for more than a year do not exhibit due diligence."); Gonzalez-Ramos v. United States, Nos. 05 CIV. 3974, 99 CR. 1112, 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007) ("'[A] duly diligent person' does not require 'three and a half years . . . to discover that counsel had not filed a notice of appeal.'") (quoting Zapata v. United States, Nos. 90 Cr. 943, 99 Civ. 0085, 2000 WL 1610801 at *3 (S.D.N.Y. Oct. 27, 2000)); Delacruz v. United States, No. 06 CIV. 5666, 2006 WL 2129335, at *3 (S.D.N.Y. July 31, 2006) (holding that petitioner should have been able to discover, with reasonable diligence, that his appeal had not been filed within one year of the conviction becoming final).  In the present case, even if the governing limitations period was tolled for five years after petitioner's judgment of conviction became final on November 4, 2002, that period of tolling would in no way make the present action, which was filed on March 17, 2011, timely.

Next, petitioner asserts that he could not have discovered, through the exercise of due diligence, the factual predicate of his claim that his attorney failed to perform an adequate investigation concerning the charges against petitioner until the New York Court of Appeals decided People v. Finley, 10 N.Y.3d 647 (2008).[5]  Traverse at 3.

However, even assuming, arguendo, that the governing limitations period as to

---

[5]  In Finley, the New York Court of Appeals discussed factors that are to be considered by a court in determining whether an item found in the possession of a prisoner should be classified as "contraband"—the possession of which by an inmate would constitute a misdemeanor, or "dangerous contraband"—the possession of which by an inmate constitutes a felony.  Id.  Those factors include whether the object's "particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security."  Id. at 648.

this claim did not begin to run until the Finley case was decided, 368 days elapsed between June 10, 2008, the date that decision was issued, and June 13, 2009, the date petitioner filed his Initial CPL Motion.  The filing of that action tolled the statute of limitations, and that tolling continued until August 26, 2009—the date on which the Third Department denied petitioner permission to appeal the July, 2009 Order.  The limitations period began to run anew on that date, and continued running for 241 additional days, or until April 26, 2010, the date on which petitioner filed his Second CPL Motion.  The filing of that collateral challenge served to toll the governing limitations period, and such tolling continued until July 28, 2010, when the Appellate Division denied petitioner's application seeking leave to appeal the May, 2010 Order.  The statute of limitations resumed running on that date, and continued an additional 232 days, until March 17, 2011, when petitioner commenced this action.  Thus, even assuming that the factual predicate of this claim did not arise until the New York Court of Appeals decided Finley, petitioner still commenced this action 841 days after the factual predicate of his claim could have been discovered through the exercise of due diligence, even after having excluded the time during which the statute of limitations was tolled.  He therefore exceeded the governing statute of limitations by 476 days, and the claims asserted by him in this action are subject to dismissal as untimely filed unless the late commencement of this action may be legally excused.  See 28 U.S.C. § 2244(d); Day v. McDonough, 547 U.S. 198, 201-02 (2006); Richard v. Rock, No. 9:08-CV-0145, 2009 WL 383762, at *5-7 (N.D.N.Y. Feb. 10, 2009) (Hurd, J.); Smith v. Conway, No. 07 Civ 7174, 2008 WL 2531194, at *3 (S.D.N.Y. June 24, 2008).

    A habeas petition that would otherwise be subject to dismissal in light of the

AEDPA's statute of limitations may nevertheless be considered by a district court where the court determines that the limitations period should be equitably tolled. <u>Holland v. Florida</u>, ___ U.S. ___, ___, 130 S. Ct. 2549, 2562 (2010). Furthermore, the Second Circuit has opined that courts should consider a claim of actual innocence as a basis for excusing a late filing under the AEDPA. <u>Friedman v. Rehal</u>, 618 F.3d 142, 152 (2d Cir. 2010); <u>see also</u> <u>McCoy v. Bisceglia</u>, No. 10 CIV. 8707, 2012 WL 761725, at *1 (S.D.N.Y. Mar. 8, 2012); <u>Vasile v. Herbert</u>, No. 00 CIV. 7338, 2011 WL 6153686, at *1 (S.D.N.Y. Dec. 12, 2011).

### i.    Equitable Tolling

A petitioner is entitled to equitable tolling of the governing limitations period if he establishes: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the habeas petition. <u>Holland</u>, 130 S. Ct. at 2562 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)) (emphasis omitted); <u>see also</u> <u>Credit Suisse Sec.(USA) LLC v. Simmonds</u>, ___ U.S. ___, 132 S. Ct. 1414, 1419 (2012); <u>Harper v. Ercole</u>, 648 F.3d 132, 137 (2d Cir. 2011). "The term extraordinary does not refer to the uniqueness of the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." <u>Bolarinwa v. Williams</u>, 593 F.3d 226, 231-32 (2d Cir. 2010) (internal quotation marks and citation omitted). Equitable tolling is only appropriate where the petitioner can demonstrate that he was "<u>prevented from filing</u> [the petition] despite exercising that level of diligence which could reasonably be expected in the circumstances." <u>Gonzalez v. Hasty</u>, 651 F.3d 318, 322 (2d Cir. 2011) (emphasis in original) (quotation marks and citation omitted).

9

Petitioner argues that once he became aware of the <u>Finley</u> case (which was decided in June, 2008), he "diligently submitted his first pro se C.P.L § 440.10 motion on June 13, 2009." Traverse at 3-4; <u>see also</u> <u>id</u>. at 7-8 (asserting that "he diligently pursued claims and made efforts to get relief" upon learning that he could challenge his conviction). Petitioner also contends that his untimely filing should be excused because "[a] reasonable person unfamiliar with the complexities of law under similar circumstances" would not have believed he had a right to file an appeal. <u>Id</u>. at 7.

Although petitioner asserts that he "diligently submitted" his Initial CPL Motion after learning of the <u>Finley</u> case, this argument fails to acknowledge that: (1) his Initial CPL Motion was filed more than one year after the <u>Finley</u> decision was issued; (2) petitioner waited 241 days after his Initial CPL Motion was denied before filing his Second CPL Motion; and (3) petitioner waited an additional 232 days after the denial of his final state-court challenge to his conviction became final before he filed this action. Petitioner therefore cannot properly argue that he diligently pursued his rights but that some extraordinary circumstance prevented him from timely filing his habeas petition. <u>Holland</u>, 130 S. Ct. at 2562.

Petitioner also argues that the statute of limitations should be equitably tolled because a "reasonable person" in his circumstances would not have recognized that he had a right to file an appeal because his counsel did not advise petitioner of this purported right, and also because petitioner had executed an appellate waiver. <u>See</u> Traverse at 4-7. However, in light of the petitioner's appellate waiver, counsel's claimed failure to discuss with petitioner his alleged right to file an appeal was objectively reasonable. <u>E.g.</u>, <u>Simpson v. United States</u>, Nos. 5:00-CR-0373, 5:03-CV-0691, 2005

10

WL 3159657, at *11 (N.D.N.Y. Nov. 25, 2005) (Scullin, C.J.) ("[N]either assigned nor retained counsel acted in an objectively unreasonable manner in failing to advise Petitioner of his claimed right to appeal because he had explicitly waived that right."). Regardless, these arguments overlook the fact that New York courts have long acknowledged that "a waiver of appeal will not foreclose a defendant's right to challenge the competency of the legal representation relied upon in accepting the plea bargain and entering the guilty plea."  People v. Ferguson, 192 A.D.2d 800, 800 (N.Y. App. Div. 3d Dep't 1993) (citing People v. Seaberg, 74 N.Y.2d 1, 10-11 (1989)).  Therefore, petitioner should have been aware that he had a right to file an appeal regarding his trial counsel's claimed ineffectiveness, notwithstanding the issues raised by petitioner herein.[6]  He is therefore not entitled to equitable tolling of the governing limitations period.  Jenkins v. Greene, 630 F.3d 298, 302-03 (2d Cir. 2010).

    **ii.**   **Actual Innocence**

    Finally, in considering whether petitioner has asserted a credible claim of actual innocence concerning the conviction challenged herein, it is noted that to meet this high burden, petitioner must:  (1) present new, reliable evidence that was not offered at trial; and (2) demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  Doe v. Menefee, 391 F.3d 147, 161-62 (2d Cir. 2004); see also Plato v. Morrissey, 638 F. Supp. 2d 338, 347 (W.D.N.Y. 2009) (applying "actual innocence" standard of reasonable juror

---

[6] Any claim that petitioner was unaware of the legal authority which allowed him to pursue an appeal is of no moment because "courts have repeatedly held in the habeas context that ignorance of the law is not grounds for equitable tolling."  Romero v. Ercole, No. 08-CV-4983, 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (internal quotation marks and citation omitted).

in context of a guilty plea).

Petitioner has made no persuasive arguments in this action that supports a claim that he is actually innocent of the conviction challenged herein.  Instead, he claims that the quantity of the drugs he was charged with possessing was so small that they merely constituted "contraband," rather than "dangerous contraband."[7]   Traverse at 3; 8-11.

This claim, however, fails to recognize the fact that, subsequent to Finley, the Third Department, in rejecting an appellate challenge to a conviction on a charge of promoting prison contraband in the first degree, specifically observed that "[e]ven a small amount of heroin has been found to be potentially dangerous in the context of the inmate population of a correctional facility."  People v. Cooper, 67 A.D.3d 1254, 1256 n.2 (N.Y. App. Div. 3d Dep't 2009).[8]  Petitioner has simply not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the charge to which he pleaded guilty.  He therefore cannot now seek safe harbor from the dismissal of his untimely petition based upon this final exception to the AEDPA's statute of limitations.  See Menefee, 391 F.3d at 161-62.

Accordingly, the present application will be denied and dismissed as untimely filed.[9]

---

[7]  The weight of the narcotics petitioner was found guilty of attempting to promote is not apparent from the record supplied by the respondent.

[8]  The appellant in Cooper was found to be in possession of .06 of a gram of heroin.  Cooper, 67 A.D.3d at 1255.  That individual was also found to be in possession of 30.5 grams of marijuana.  Id.

[9]  Additionally, the claims asserted herein are also substantively without merit.  With respect to his initial ground, petitioner has provided no evidence that demonstrates that the heroin and marijuana that formed the basis of the charges brought against him was not "dangerous contraband" as that phrase has been interpreted by the court in Finley.  Thus, it was not objectively unreasonable for counsel to advise petitioner to plead guilty to the lesser charge of attempted promoting prison contraband in the first degree in satisfaction of the three count indictment that had been returned against petitioner.

## III.    **CERTIFICATE OF APPEALABILITY**

In considering whether petitioner is entitled to a Certificate of Appealability

regarding the decision to dismiss his petition, it is noted that 28 U.S.C. § 2253(c)

provides, in relevant part, as follows:

> Unless a circuit justice or judge issues a certificate of
> appealability, an appeal may not be taken to the court of
> appeals from . . . the final order in a habeas corpus
> proceeding in which the detention complained of arises out of
> process issued by a State court . . . .

28 U.S.C. § 2253(c)(1)(A).[10]   A Certificate of Appealability may be issued only "if the

applicant has made a substantial showing of the denial of a constitutional right."  See 28

U.S.C. § 2253(c)(2).  Since petitioner has failed to make such a showing herein, a

Certificate of Appealability will not be issued in this matter.

---

As to his second ground, petitioner has not provided support for his claim that his counsel failed to perform an adequate investigation in conjunction with the charges brought against petitioner.  Pet., Ground Two.  As noted above, subsequent to Finley, the Appellate Division recognized that the possession by inmates of even small amounts of heroin can support a conviction for promoting prison contraband in the first degree.  Cooper, 67 A.D.3d at 1256, n.2.  Petitioner's self-serving claim that his trial counsel's pre-trial preparation was inadequate fails to overcome the presumption that his counsel's pretrial preparation was reasonable.  Campbell v. Greene, 440 F. Supp. 2d 125, 149 (N.D.N.Y. 2006) (McCurn, J.).

Finally, since petitioner has not articulated any ground for appeal on which there was a reasonable chance for him to prevail, he is not entitled to habeas relief based upon his final claim that counsel wrongfully failed to file a notice of appeal on petitioner's behalf.  See Boynton v. Hicks, No. 02 CIV. 1439, 2003 WL 22087634, at *4 (S.D.N.Y. Sept. 9, 2003) (holding that where petitioner executed a waiver of appeal, he was "precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal"); Defex v. United States, No. 97-CV-1891, 1998 WL 812572, at *4 (E.D.N.Y. May 19, 1998) (dismissing habeas claim based upon attorney's failure to advise petitioner of his right to appeal; petitioner "waived any appellate rights [and] [f]urthermore, his attorney was not ineffective for failing to file an appeal because there were no grounds for such an appeal"); see, e.g., Williamson v. Smith, 06-CV-0116, 2009 WL 466626, at *10 (N.D.N.Y. Feb. 24, 2009) (Sharpe, J.) ("[P]etitioner cannot show that appellate counsel's failure to raise [meritless] claims on direct appeal renders his representation below an objective standard of reasonableness, nor can petitioner show that had these claims been presented on appeal, his outcome would have been any different.") (internal quotation marks and citation omitted).

Petitioner has not established that he received the ineffective assistance of counsel.  Harrington v. Richter, 131 S. Ct. 770, 787-88 (2011).

[10]   Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  See Fed. R. App. P. 22(b)(1).

Therefore it is

ORDERED that

1. Petitioner's habeas petition, Dkt. No. 1, is DENIED and DISMISSED;

2. No Certificate of Appealability shall issue; and

3. The Clerk shall serve a copy of this Memorandum-Decision and Order on the

parties in accordance with this District's Local Rules.

IT IS SO ORDERED.


_____
United States District Judge

Dated:  June 19, 2012
        Utica, New York.


14